08-4998-ag
Chen v. Holder

BIA
Hom, IJ
A200 023 621

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————————

XIU QIN CHEN,
> *Petitioner*,

> v.                                           08-4998-ag
>                                              NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,[*]
> *Respondent*.

———————————————————————————

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Thomas V. Massucci, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Achiezer Guggenheim, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xiu Qin Chen, a native and citizen of the People's Republic of China, seeks review of a September 12, 2008 order of the BIA affirming the June 21, 2006 decision of Immigration Judge ("IJ") Sandy Hom, insofar as it denies her application for asylum and withholding of removal. *In re Xiu Qin Chen*, No. A200 023 621 (B.I.A. Sep. 12, 2008), *aff'g* No. A200 023 621 (Immig. Ct. N.Y. City June 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also*

*Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because Chen filed her asylum application after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to her asylum application. *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Substantial evidence supports the agency's adverse credibility determination. Chen challenges the IJ's finding that her testimony was "scant" and "generalized." We have found that when an IJ finds that an applicant's testimony is "vague," he may fairly wonder whether it is fabricated, and then probe for additional details, seeking to draw out

3

inconsistencies. *Mei Chai Ye v. U.S. Dept. of Justice*, 489 F.3d 517, 527 n. 9 (2d Cir. 2007). This is precisely what the IJ did in this case.

The IJ noted a discrepancy between Chen's testimony and asylum application concerning the date her colleague, Guo Yin Xie, was arrested. Specifically, although Chen's asylum application indicated that Xie was arrested on February 1, 2005, she testified that he was not arrested on that date. There is no merit to Chen's argument that the IJ erred by failing to allow her an opportunity to explain this discrepancy. To the contrary, Chen was provided at least two opportunities to explain it, failing to provide a compelling explanation either time. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Because under the REAL ID Act, the agency may base an adverse credibility determination on any inconsistency, without regard to whether it goes to the heart of the applicant's claim, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), the IJ reasonably relied on this discrepancy to find Chen not credible.

Furthermore, contrary to Chen's argument, the IJ did not engage in impermissible speculation when he found

4

implausible her claim that although government authorities were seeking to arrest her, she had no difficulty obtaining an official government document and departing China. The IJ found that this testimony undermined her assertion that she was a "fugitive . . . wanted by the police for Falun Gong engagement." This Court has held that an applicant's ability to obtain identification documents in his home country while in hiding is not "a valid, cogent reason for a negative credibility finding." *See Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 310 (2d Cir. 2003), overruled on other grounds *by Xiu Xia Lin*, 534 F.3d at 167. However, we have also upheld the agency's finding that it was implausible that a person seeking to flee from repression would repeatedly put himself in situations where he encountered legal authorities checking his identity, and possibly, his illegal status. *Yan v. Mukasey*, 509 F.3d 63, 68 (2d Cir. 2007). In making his adverse credibility determination, the IJ did not rely solely on Chen's ability to obtain official government documents and depart China without difficulty, but also on her inconsistent testimony. Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's credibility determination was

supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____